IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH 1998 SESSION

FILED

April 23, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| CLINTON W. LYNCH, | ) | |
| | ) | |
| Appellant, | ) | No. 01C01-9705-CR-00187 |
| | ) | |
| | ) | Davidson County |
| v. | ) | |
| | ) | Honorable Seth Norman, Judge |
| | ) | |
| RICKY BELL, Warden, | ) | (Writ of Habeas Corpus) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

Clinton W. Lynch, Pro Se, #111631
R.M.S.I. Unit 6-A-101
7475 Cockrill Bend Road
Nashville, TN 37209-1010

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
and
Lisa A. Naylor
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

Victor S. Johnson, III
District Attorney General
and
Steve Dozier
Assistant District Attorney General
Washington Square
222 2nd Avenue North
Nashville, ,TN 37201-1649

OPINION FILED:_____

AFFIRMED PURSUANT TO RULE 20

Joseph M. Tipton
Judge

# O P I N I O N

The petitioner, Clinton W. Lynch, appeals as of right from the Davidson County Criminal Court's dismissal of his petition for habeas corpus relief. He contends that the trial court erred by dismissing his petition without an evidentiary hearing or the appointment of counsel. We affirm the dismissal of the petition.

The petitioner was initially charged with first degree murder and aggravated rape. He pled guilty to second degree murder and was sentenced to forty years as a Range II, especially aggravated offender. His petition for habeas corpus relief alleges that his conviction is void because the indictment is fatally defective in that it is vague, lacks factual allegations, and contains "highly immaterial, prejudicial and inflammatory allegations."

In relevant part, the first degree murder count of the indictment charges that the defendant unlawfully and feloniously killed and murdered the victim in the perpetration of or attempt to perpetrate a rape. Because the indictment sufficiently alleged the offense of first degree murder, <u>see</u> T.C.A. § 39-2-202 (1982), the trial court had jurisdiction to accept the petitioner's guilty plea to second degree murder, and the petitioner's conviction is not void.

After full consideration of the record, the briefs, and the law governing the issue presented, we are of the opinion that the trial court properly dismissed the petitioner's petition for habeas corpus relief and that no precedential value would be derived from the rendering of a full opinion. Therefore we conclude that the judgment of the trial court should be affirmed pursuant to Rule 20, Tenn Ct. Crim. App. R.

_____
_____Joseph M. Tipton, Judge

2

CONCUR:

_____
David H. Welles, Judge


_____
Joe G. Riley, Judge